GEORGE V. BOSWELL *v*. THE STATE.

LIQUORS, SALE OF. *Beer. Privilege tax. Local option. Laws* 1886, *p.* 35.

> As repeals by implication are not favored, the local option act of 1886 (Laws, p. 35) did not abrogate the law previously existing, by which persons could deal in malt liquors by simply paying a privilege tax. Therefore, where said law was put in force in any county by an election, one who had paid a privilege tax to sell beer could lawfully sell it, and was not required to present a petition and obtain a license as in case of persons retailing *vinous and spirituous* liquors.

FROM the circuit court of the first district of Yalobusha county.

HON. EUGENE JOHNSON, Judge.

On November 14, 1892, appellant was indicted for selling "alcoholic, malt and intoxicating liquors in less quantities than one gallon, without having first obtained a license so to do, as required by law." On the trial the testimony showed that on November 7 he sold "beer." The district attorney stated to the court that "he relied on the act of the legislature of March 11, 1886, commonly called the local option act,

and that he relied for conviction of defendant on the ground that he did not have a license to sell beer according to the requirements of said act."

It seems that an election was held in the county, in 1886, under said local option law of March 11, 1886, but the record does not disclose how this election resulted. The court, however, in accordance with § 1623 of the code of 1892, probably took judicial notice of the fact, which does not appear in the record, that there was such an election, and that it resulted for the sale. The indictment does not, in any way, refer to the fact of an election.

The defendant introduced certain portions of the record of the board of supervisors relating to the election, in the effort to show that the same was invalid, but, as the court does not pass upon the questions thus raised, it is not deemed necessary to make any further statement as to this.

The defendant also introduced a privilege tax license issued by the tax-collector of the county, March 1, 1892, authorizing him to "carry on the business of selling beer in said county for twelve months." He offered no petition or order, such as is required to obtain a license for retailing intoxicating liquors. Defendant's evidence above referred to was excluded, and from a judgment of conviction he prosecutes this appeal.

*R. H. Golladay,* for appellant.

A conviction under the local option act of 1886 cannot be sustained on an indictment like this, containing no averment of an election under that act. *Norton* v. *State,* 65 Miss., 297; *Bryant* v. *State, Ib.,* 435. Besides, as the offense was committed after the adoption of the dram-shop chapter in the code of 1892, the local option act was defunct. The entire legislation on this subject was revised. See code 1892, §§ 5, 1623. The offense, if any, was committed long after the adoption of the dram-shop chapter; but defendant was not amenable under that, as was conceded in the lower court,

because he was acting under a privilege tax license issued to him prior to the adoption of said chapter. By the last clause of § 1623 of the code it is provided that the chapter shall not affect any license in force at the time of its adoption.

*Frank Johnston,* attorney-general, for the state.

The county had held an election under the act of March 11, 1886, § 6, and that act was in force. It abrogated the provisions of the code of 1880 as to that county. It was necessary to apply for a license to sell any intoxicating liquors, including beer, under said § 6 of the act. This was not done. Appellant had only paid a privilege tax March 1, 1892, for selling beer. The court below knew judicially that there had been an election in the county under the act of 1886. Code 1892, § 1621. The act of 1886 having been put into operation, the appellant had not obtained a valid license to sell beer, because he had not complied with the act. He had no license which was protected by § 1623, code 1892.

Argued orally by *R. H. Golladay,* for appellant, and *Frank Johnston,* attorney-general, for appellee.

CAMPBELL, C. J., delivered the opinion of the court.

If the election held in Yalobusha county was a valid one, as it resulted "*for the sale,*" its effect was to put in operation there the act of March 11, 1886, as to obtaining license. But, as repeals by implication are not favored, it is not to be assumed that the act designed to abrogate the law before existing further than to substitute twenty-five real estate owners as petitioners for license for those required before; and it was not the purpose of the law to repeal the privilege tax law as to the sale of malt liquors under authority of a privilege tax license under the code of 1880 and amendments. License to sell vinous and spirituous liquors was obtainable according to § 6 of the act of March 11, 1886, but

dealers in *"ale, beer or other malt liquors"* might still obtain license as before. A plain distinction was made in the legislation of this state prior to 1886 between vinous and spirituous liquors and malt liquors. Dealing in malt liquors by one not licensed to retail vinous and spirituous liquors was made a source of revenue, and authorized on paying the prescribed tax and obtaining license as provided for by the revenue law. The act approved March 18, 1886, entitled *"An act to amend §§ 557 and 585, code of 1880, so as to increase the public revenue,"* etc., expressly makes the distinction mentioned (Laws, p. 17), and contemplates the sale of malt liquors under a privilege tax license without a license to retail vinous and spirituous liquors.

In view of all this, our conclusion is, that the operation of § 6 of the act of March 11, 1886, is to be restricted so as to embrace only cases where the law before required license to be obtained from the board of supervisors or municipal authorities. The appellant had license to sell beer, and was protected by it.

*Reversed and remanded.*